## Case No. 17,090.

WALKER et al. v. WANTON et al.

[1 Cranch, C. C. 397.] [1]

Circuit Court, District of Columbia. April Term, 1807.

### DISCOVERY—ACTION AT LAW.

If a debtor, in embarrassed circumstances, agrees to deliver to some of his creditors sufficient goods, at certain prices, to discharge their claims, and a part are selected, and inventoried, and removed from the shelves and set apart, and other creditors come in, and, with consent of the debtor, take possession of the whole, and of the inventory, and prevent the other creditors from finishing their selection, these creditors may, by a bill in equity for discovery, oblige the others to give up the inventory, to enable the former to support their action at law for the goods selected.

The bill states that the defendant Wanton, being indebted to the plaintiffs, agreed to assign to the plaintiff Walker, in trust for himself and the other plaintiffs, so much of his merchandise, as the plaintiff Walker should judge sufficient to satisfy the several claims of the plaintiffs. That it was understood, at the time, that the goods were to be charged to the plaintiffs at the invoice price, with costs and charges thereon. That in pursuance of that agreement, the plaintiff Walker went to the store of Wanton, with the assistance of whose clerk, he proceeded to select and inventory the merchandise, for the purpose of satisfying the said agreement. That he was several days engaged in the selection, in the course of which he took down from the shelves a considerable portion of merchandise, which was set apart as the property of the plaintiffs under the agreement, and was inventoried and charged as such by the clerk of Wanton. That some of the goods thus selected and inventoried, were carried to the warehouse of Rickets & Newton, and the residue into the back warehouse of Wanton, and the whole goods selected were thus removed, for the benefit of the plaintiffs, from the places where they were kept for sale. That, at the time of the agreement, Wanton was somewhat embarrassed in his affairs. That when it was known, by the defendants Janney and others, creditors of Wanton, that the plaintiff was engaged in selecting the merchandise in pursuance of the said agreement, they complained to Wanton of the injustice of the preference given to the plaintiffs, although they knew that the goods which the plaintiffs were receiving, were the very goods which they had before sold to Wanton, and urged him to withhold from the plaintiffs the goods which had been deposited in the back warehouse for their use, as well as the residue which the complainants were entitled to under the agreement; and that the defendants Janney and others interposed before the selection was completed, and when the plaintiff Walker was proceeding to finish the selection, he was opposed by Wanton, who alleged the interference of the other creditors, and abandoned his store and back warehouse to the defendants Janney and others, who refused to suffer the plaintiff Walker to proceed to finish his selection, or to take away the goods already selected. That the goods set apart and inventoried for the plaintiffs, were all priced and charged in the inventory, but the prices not extended, and the aggregate amount of the goods selected was not extended. That when the defendants took possession of the store, warehouse, and goods, they got possession of the books and papers of Wanton, and of the inventory of the goods selected, but the plaintiffs expected the defendants would have furnished the plaintiffs with a copy of it, in order that the plaintiffs might be able to describe their said goods, and support their title at law to the same, which, although demanded, they have refused, and have kept it among themselves, and appropriated to their own use, the goods selected by the plaintiffs, and refuse to pay the debts due by Wanton to the plaintiffs. The plaintiffs complain that they are remediless at law, and cannot obtain from the defendants a discovery of the inventory, and of sundry other matters and things necessary to the establishment of their claim to the residue of the merchandise left in the store of Wanton, without the interposition of this court as a court of equity. The bill then calls upon all the defendants for a discovery and production of the inventory. The defendants have answered, but none of them have produced the inventory, nor discovered minutely the contents, although it is admitted to be in the hands of the defendant, Green, who offers to produce it, if he shall be so ordered by the court. To the answer of Green, there is an exception taken on that ground, which has now come on to be heard. Before the court can decide the answer insufficient in that respect, they must be satisfied that the plaintiffs have a right in equity to require that defendant to produce it.

Mr. Swann, for plaintiffs, cited 2 Bl. Comm. 447, 448.

C. Lee, for defendants, cited Finch v. Finch, 2 Ves. Sr. 494; 2 Pow. Cont. 221; Like v. Beresford, 3 Brown. Ch. Cas. 366; Wrottesley v. Bendish, 3 P. Wms. 237; Hall v. Atkinson, 2 Vern. 463; 1 Wooddeson, 205; Fowl. Prac. 55; Mitf. Eq. Pl. 157, 162.

CRANCH, Chief Judge, thought the plaintiffs not entitled to the discovery against the other creditors, because the equity of the defendants is equal to that of the plaintiffs, who ought to be left to law to enforce their preference, if they have any.

FITZHUGH and DUCKETT, Circuit Judges, contra. Being of opinion that the plaintiffs had acquired a legal title to the goods, and were therefore entitled to a discovery of the evidence.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

The answer of Green was adjudged insufficient, and he was ordered to produce the inventory.